```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION


CARLOS GARCIA,                        :

      Petitioner,                     :

vs.                                   :   CIVIL ACTION 06-00758-CG-B

DAVID O. STREIFF,
et al.,                               :

      Respondents.                    :

                                      :
```

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C § 2241 by Carlos Garcia, a citizen and native of Dominican Republic, who has been detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. 1).  This action has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Garcia's claims; thus, no evidentiary hearing is required.  Following a careful review of the record, it is recommended that the instant petition be dismissed, without prejudice, because it is premature.

## FINDINGS OF FACT

1.   Garcia acknowledges that he is a citizen of Dominican Republic, and that he has been a legal permanent resident of the United States since 1984. (Doc. 1).

2.   Following a criminal conviction, Garcia was charged as a

removable alien on January 27, 1998.  Garcia entered ICE custody on March 9, 1998.  Garcia applied for cancellation of removal and was released from INS custody on July 22, 1998. (Doc. 15, Ex. 1).

3.   On March 31, 2003, after incurring several additional criminal convictions, Garcia was again charged as a removable alien and placed in ICE custody on July 1, 2003. (Id.).  On September 16, 2003, Garcia filed a N-600 application for a Certificate of Citizenship.  On October 6, 2003, Garcia was released pending investigation as to whether he may have derived United States' citizenship through his father's naturalization. (Doc. 15, Ex. 1).

4.   On November 14, 2003, Garcia was ordered removed, in absentia, from the United States to the Dominican Republic. (Doc. 15, Ex. 1, Attch. D).  Garcia was taken into ICE custody on September 14, 2004, and on September 29, 2004, Garcia's N-600 Application for Certificate of Citizenship was denied by United States Citizenship and Immigration Services (CIS). (Doc. 15, Ex. 1, Attch. E).  On October 19, 2004, an immigration court denied Garcia's motion to reopen removal proceedings, and on April 26, 2005, the Administrative Appeals Office dismissed Garcia's appeal of the CIS's decision denying his N-600 application. (Id.).

5.   On November 29, 2004, Garcia filed a petition for writ of habeas corpus and a motion for stay of removal in the United States District Court for the Western District of New York. (Doc. 15, Exs. 1, 2).  On December 3, 2004, the Court granted Petitioner's request

to proceed on his habeas petition without prepayment fees, and ordered Petitioner's removal stayed pending the disposition of Petitioner's habeas proceeding. (Doc. 15, Ex. 3).

6. On May 31, 2005, Petitioner's habeas proceeding was transferred to the Second Circuit Court of Appeals. (Doc. 15, Ex. 4). On September 28, 2006, the Court of Appeals issued an Order granting Petitioner a stay of removal and transferring the Petitioner's habeas petition back to the United States District Court for the Western District of New York, where it is currently pending. (Doc. 15, Ex. K).

7. Petitioner filed the instant petition for writ of habeas corpus on November 6, 2006 (Doc. 1), seeking his immediate release from ICE custody on the ground that his removal is "no longer foreseeable".(Doc. 1 at 4).

8. Respondents subsequently filed a response, wherein they asserted that Garcia remains detained because of his own actions. (Doc. 12).  More specifically, Respondents assert that because Garcia has petitioned for a stay of removal, and thereby prevented his deportation to Dominican Republic, his habeas petition is due to be dismissed as premature. (Id.).

9. On April 5, 2007, Petitioner filed a Motion to Lift the Stay of Removal, and a motion for discovery, in the District Court for the Western District of New York.  These motions remain pending.

**CONCLUSIONS OF LAW**

The United States Supreme Court, in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231[1], the <u>Zadvydas</u> Court held that the statute "limits an alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the

---

[1] 8 U.S.C. § 1231, entitled "Detention and Removal of Aliens to be removed," states in pertinent part:

> (a) Detention, release, and removal of aliens ordered removed
>
> > (1) Removal period
> >
> > (A) In general
> >
> > > Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
> >
> > (B) Beginning of period
> >
> > > The removal period begins on the latest of the following:
> > >
> > > (I) the date the order of removal becomes administratively final.
> > >
> > > (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final Order.
> > >
> > > (iii) If the alien is detained or confined (except under an Immigration process), the date the alien is released from detention or confinement.
> >
> > (C) Suspension of period
> >
> > > The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231. See Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002).

Relying on the Zadvydas decision, the Eleventh Circuit Court of Appeals, in Akinwale, held that the six-month period "must have expired at the time [Petitioner's] petition was filed in order to state a claim under Zadvydas." Akinwale, 287 F.3d at 1052. The Akinwale Court also noted that the six-month period could be interrupted by a petitioner's motion for a stay of deportation or removal. See Id., n.4 ("Akinwale was taken into custody on November 17, 1999, and interrupted the running of time under Zadvydas by moving on December 3, 1999, for a stay of deportation in his prior appeal to this Court. The stay was granted on January 1, 2000. ....Akinwale subsequently filed the § 2241 petition in this case on March 21, 2000. Thus, Akinwale, unlike the aliens in Zadvyas, chose to simultaneously challenge issues related to his removal order and his post-removal period detention. Therefore, Akinwale did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months."); 8 U.S.C. § 1231(a)(1)(c) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely

5

application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

A review of the record in this matter reveals that Garcia's removal has been stayed pending review of the Order of removal by the District Court for Western District of New York.  In light of the pending stay, Garcia cannot prove that he has been held beyond the presumptive six month period for removal. In other words, because of his pending appeals, the six month presumptive period for removal has not yet commenced, let alone expired. Accordingly, the undersigned finds that Garcia has failed to establish that his continued detention is improper under 8 U.S.C. § 1321(a)(1)( c).

Garcia has also filed a Rebuttal to Respondents' answer to his habeas petition. (Doc. 17).  In his rebuttal, Garcia appears to argue that Respondents incorrectly decided the issue of his derivative citizenship, and requests that he be released under an order of supervision so that he may gather evidence to support his claim to derivative citizenship.  The issue regarding Plaintiff's claim of citizenship and nationality is presently before the District Court in New York.  Garcia has not cited any authority which would permit this Court to interfere in those proceedings, nor to release Petitioner during the pendency of the proceedings. Accordingly, the undersigned recommends that this Court deny Garcia's request for release under order of supervision.

6

**CONCLUSION**

For the reasons set forth above, the undersigned recommends that this Court deny Petitioner's request for release under order of supervision, and dismiss, without prejudice, Petitioner's petition under 28 U.S.C. § 2241 as prematurely filed, pursuant to 8 U.S.C. 1231.  The dismissal is without prejudice to Petitioner's right to file a new habeas petition in the future when he is able to state a claim under Zadvydas.

The attached sheet contains important information regarding objections to the report and recommendation of the undersigned Magistrate Judge.

Done this the **2nd** day of **July 2007.**

                                                     **/s/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

>   A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.